UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------
ZAHED KHAN,

                              Plaintiff,                    **MEMORANDUM & ORDER**
                                                                         18-CV-6367 (MKB)

                              v.

EQUIFAX INFORMATION SERVICES, LLC,

                              Defendant.

-------------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Zahed Khan commenced the above-captioned on October 18, 2018, against Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC, in New York City Civil Court, County of Queens, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). (Compl., annexed to Notice of Removal as Ex. B, Docket Entry No. 1-2.) Plaintiff alleges that Defendants failed to assure maximum possible accuracy of the credit information they reported about him and failed to conduct a reasonable investigation as to the accuracy of this information. (*Id.* ¶¶ 8, 19.) On November 8, 2018, Trans Union, LLC filed a notice of removal removing the action from New York City Civil Court to this Court. (Notice of Removal, Docket Entry No. 1.) Plaintiff subsequently settled his claims against Experian Information Solutions, Inc., (Notice of Settlement, Docket Entry No. 27), and dismissed his claims against Trans Union, LLC, (Stip. Of Dismissal, Docket Entry No. 28).

       Currently before the Court is Defendant Equifax Information Services, LLC's ("Defendant") motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def. Mot. to Dismiss ("Def. Mot."), Docket Entry No. 42.) For the reasons set

forth below, the Court grants Defendant's motion and dismisses the Complaint, but grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**I. Background**

On an unspecified date in 2017, Plaintiff settled a Telephone Consumer Protection Act ("TCPA") lawsuit against Citibank (the "Citibank Settlement").[1] (Compl. ¶ 11.) In the Citibank Settlement, "Citibank agreed to remove and/or delete [a] negative trade line made or reported in relation to [a] debt" (the "Citibank Tradeline"). (*Id.*)

In April of 2018, Plaintiff became aware that "his credit was still being adversely affected by [the Citibank Tradeline] due to [Defendant] including the trade line in [its] reports on his credit." (*Id.* ¶ 12.) Defendant continued to report the Citibank Tradeline "as paid and/or charged off." (*Id.*) On April 27, 2018, Plaintiff "informed [Defendant] of this fact in writing and requested in writing that [it] remove the Citibank account from his credit report." (*Id.* ¶ 13.) Defendant did not respond. (*Id.* ¶ 15.) On June 22, 2018, "Plaintiff ran his Equifax credit report . . . and noticed that [Defendant] was still reporting the Citibank account on his credit report." (*Id.*) Plaintiff alleges that Defendant "continued to report inaccurate information on Plaintiff after receiving his disputes, violating the FCRA by failing to conduct a reasonable reinvestigation and by continuing to report inaccurate information about Plaintiff's credit." (*Id.* ¶ 17.)

---

[1] The Court assumes the truth of the factual allegations in the Complaint for the purposes of this Memorandum and Order.

## II. Discussion

### a. Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)); *see also Tsirelman v. Daines*, 794 F.3d 310, 313 (2d Cir. 2015) (quoting *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997)). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

### b. Because Plaintiff has not alleged that the information Defendant reported about him is inaccurate, he fails to state a claim under sections 1681e(b) and 1681i of the FCRA

Defendant argues that the Court should dismiss Plaintiff's section 1681e(b) claim because (1) it did not have reason to doubt "the reliability of [Citibank,] a reputable source," and therefore acted reasonably in relying upon it for information, and (2) Plaintiff did not plead any facts showing that Defendant "furnished a consumer report about him to an identifiable third party for the purpose of establishing his eligibility for credit, employment, insurance, or the like." (Def. Mot. 6–7.) In addition, Defendant argues that the Court should dismiss Plaintiff's section 1681i claim because (1) he does not allege that the Citibank Tradeline is inaccurate, and

3

(2) Defendant was not obligated to verify the validity of the Citibank Tradeline. (*Id.* at 8.)

Plaintiff argues that the Court should deny Defendant's motion to dismiss his section 1681e(b) claim because (1) Defendant had reason to doubt the reliability of the credit information supplied by Citibank after Plaintiff contacted Defendant to notify it of the inaccuracy, and (2) "even without evidence that a particular third party was supplied with . . . a consumer report, failing to take reasonable measures to assure the accuracy of such credit information constitutes an injury in fact." (Pl. Opp'n to Def. Mot. ("Pl. Opp'n") 2–3, Docket Entry No. 22.) In addition, Plaintiff argues that the Court should dismiss the motion as to his section 1681i claim because he has "proven" that, *inter alia*, his credit file contained inaccurate information, he notified Defendant that the information was inaccurate, and Defendant failed to conduct a reasonable reinvestigation. (*Id.* at 3.) Plaintiff also argues that "the validity of the [Citibank Tradeline] is not in dispute here," rather, the relevant question is whether Defendant failed to pursue a reasonable reinvestigation into the accuracy of the information on Plaintiff's credit report. (*Id.* at 5.)

      **i.    Section 1681e(b)**

Section 1681e(b) of the FCRA imposes a duty on consumer reporting agencies "to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b); *see also Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 104 (2d Cir. 1997) (quoting same); *Gorman v. Experian Info. Sols., Inc.*, No. 07-CV-1846, 2008 WL 4934047, at *4 (S.D.N.Y. Nov. 19, 2008) ("[T]he FCRA requires that consumer reporting agencies . . . 'follow reasonable procedures to assure maximum possible accuracy of the information' contained in the consumer report." (quoting 15 U.S.C. § 1681e(b))). In order to succeed on a claim under section 1681e(b), a plaintiff must show that:

> (1) the consumer reporting agency was negligent or willful in that it failed to follow reasonable procedures to assure the accuracy of its credit report; (2) the consumer reporting agency reported inaccurate information about the plaintiff; (3) the plaintiff was injured; and (4) the consumer reporting agency's negligence proximately caused the plaintiff's injury.

*Gestetner v. Equifax Info. Servs., LLC*, No. 18-CV-5665, 2019 WL 1172283, at *2 (S.D.N.Y. Mar. 13, 2019) (quoting *Adams v. Nat'l Eng'g Serv. Corp.*, 620 F. Supp. 2d 319, 330 (D. Conn. 2009); *see also Wenning v. On-Site Manager, Inc.*, No. 14-CV-9693, 2016 WL 3538379, at *8 (S.D.N.Y. June 22, 2016) (same); *Selvam v. Experian Info. Sols., Inc.*, No. 13-CV-6078, 2015 WL 1034891, at *3 (E.D.N.Y. Mar. 10, 2015) (same); *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *5 (E.D.N.Y. Dec. 15, 2010) (same) (quoting *Gaft v. Mitsubishi Motor Credit of Am.*, No. 07-CV-527, 2009 WL 3148764, at *9 (E.D.N.Y. Sept. 29, 2009)).

"[T]he threshold question is whether the challenged credit information is accurate; if the information is accurate, no further inquiry into the reasonableness of the consumer reporting agency's procedures is necessary." *Neclerio v. Trans Union, LLC*, 983 F. Supp. 2d 199, 209 (D. Conn. 2013) (quoting *Collins v. Experian Credit Reporting Serv.*, 494 F. Supp. 2d 127, 134–35 (D. Conn. 2007)); *see also Adams*, 620 F. Supp. 2d at 330 (same) (quoting *Houston v. TRW Info. Servs., Inc.*, 707 F. Supp. 689, 691 (S.D.N.Y. 1989)); *Gorman*, 2008 WL 4934047, at *4 (same); *Collins*, 494 F. Supp. 2d at 135 ("Every circuit to consider the question has agreed that this threshold showing [of inaccuracy] is fundamental to the success of a claim under § 1681e(b)." (collecting cases)).

Although the Second Circuit has yet to address the issue, "[t]he overwhelming weight of authority holds that a credit report is inaccurate . . . either 'when it is patently incorrect *or* when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect.'" *Wenning*, 2016 WL 3538379, at *9 (quoting *Dalton v. Capital Associated Indus., Inc.*,

5

257 F.3d 409, 415 (4th Cir. 2001)); *see also Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 141–42 (E.D.N.Y. 2017) ("[T]his Court finds that the more flexible approach mandated by the materially misleading standard is appropriate, and provides a method of evaluating compliance with the FCRA that is more closely aligned than its rigid counterpart with the statute's purpose of addressing the serious problem in the credit reporting industry . . . of inaccurate or *misleading* information." (citation and internal quotation marks omitted)); *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) ("A report is inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." (internal alterations, citation, and quotation marks omitted)); *Saunders v. Branch Banking & Tr. Co.*, 526 F.3d 142, 148 (4th Cir. 2008) ("[A] consumer report that contains technically accurate information may be deemed 'inaccurate' if the statement is presented in such a way that it creates a misleading impression.").

  ii. **Section 1681i**

  Section 1681i sets out procedures consumer reporting agencies must follow to investigate disputes as to the accuracy of reported information. *See* 15 U.S.C. § 1681i. These procedures include reinvestigating a consumer's record within a reasonable period of time after a consumer "directly conveys" a dispute as to the "completeness or accuracy of an item on his credit report" to the consumer reporting agency. *Podell*, 112 F.3d at 101 (citing 15 U.S.C. § 1681i(a)); *see also Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) ("If a dispute is filed with the agency, both the agency and the furnisher of that information have a duty to reasonably investigate and verify that the information is accurate." (citing 15 U.S.C. §§ 1681i(a)(1)(A), 1681s–2(b))). Section 1681i states, in relevant part, that if a consumer notifies a consumer reporting agency — either directly or indirectly — of a dispute as to the accuracy of any item of

6

information contained in his file, within thirty days of notification, the consumer reporting agency "shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A); *see Jones v. Experian Info. Solutions, Inc.*, 982 F. Supp. 2d 268, 272 (S.D.N.Y. 2013) (quoting same). What constitutes a "reasonable" reinvestigation depends on the circumstances of the allegations. *Id.* (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 713 (3d Cir. 2010)). "Prior to being notified by a consumer, a credit reporting agency generally has no duty to reinvestigate credit information." *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995).

Similar to a section 1981e(b) plaintiff, "a plaintiff asserting claims under § 1681i must demonstrate that the disputed information is inaccurate." *Gestetner*, 2019 WL 1172283, at *2 (quoting *Jones*, 982 F. Supp. 2d at 272–73); *see also Neclerio*, 983 F. Supp. 2d at 218 (same); *Jones*, 982 F. Supp. 2d at 272–73 ("Courts evaluating whether a [credit reporting agency] failed to conduct a reasonable reinvestigation look to whether there were in fact inaccuracies in the credit report."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although . . . 15 U.S.C. § 1681i . . . does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts . . . have imposed such a requirement."); *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) ("[T]he weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail."); *Crump v. Carrington Mortg. Serv., LLC*, No. 18-CV-2302, 2019 WL 118490, at *3 (N.D. Ill. Jan. 7, 2019) ("To state a claim under § 1681e(b) or § 1681i(a), [a plaintiff] must allege that her consumer report included inaccurate information."); *Fillmore v. Equifax Info. Servs., LLC*, No. 16-CV-1042, 2017 WL 4276542, at *2 (W.D. Tex. Sept. 26, 2017) (stating that section 1681i(a) "require[s] [a p]laintiff to prove, as a threshold

matter, that an account is inaccurately reporting"). "This rule is based on both the purpose of the FCRA, 'to protect consumers against the compilation and dissemination of *inaccurate* credit information,' and the fact that 'it is difficult to see how a plaintiff could prevail on a claim for damages under § 1681i without a showing[] that the disputed information disclosed by the credit agency was, in fact, inaccurate.'" *Neclerio*, 983 F. Supp. 2d at 218.

### iii. Plaintiff fails to allege that the information Defendant reported about him is inaccurate

Plaintiff fails to state a claim pursuant to sections 1681e(b) and 1681i because he has not alleged facts showing that the information that Defendant reported about him is inaccurate. *Gestetner*, 2019 WL 1172283, at *2 (explaining that under both section 1681e(b) and section 1681i, a plaintiff must allege that the disputed information is inaccurate). Plaintiff alleges that Defendant "prepared and issued credit reports concerning Plaintiff which include inaccurate information." (Compl. ¶ 10.) He states that "Citibank agreed to remove and/or delete the [Citibank Tradeline]," (*id.* ¶ 11), that Defendant reported the Citibank Tradeline as "paid and/or charged off," (*id.* ¶ 12), and continued to do so even after he informed Defendant of the Citibank Settlement, (*id.* ¶¶ 13, 15). However, Plaintiff does not state facts demonstrating that Defendant's report about Plaintiff was inaccurate, either because it is patently incorrect or because it is misleading in such a way and to such an extent that it can be expected to have an adverse effect. *Wenning*, 2016 WL 3538379, at *9 (stating that "[t]he overwhelming weight of authority holds that a credit report is inaccurate . . . either 'when it is patently incorrect *or* when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect.'" (quoting *Dalton*, 257 F.3d at 415)). Plaintiff does not explain how or why the Citibank Settlement rendered Defendant's report — which indicates that the Citibank Tradeline is "paid and/or charged off" — inaccurate. (Compl. ¶ 12.) Accordingly, the Court dismisses Plaintiff's

8

FCRA claims. *See Henry v. Flagstar Bank, FSB*, No. 16-CV-1504, 2019 WL 1471267, at *2 (E.D.N.Y. Mar. 31, 2019) (dismissing FCRA claim because the plaintiffs' allegation that the defendant "intentionally . . . reported false, negative information" about the plaintiffs was a "formulaic recitation of the elements of a cause of action" and insufficient to state a claim because the plaintiff did not allege "what information [the defendant] allegedly reported, to whom, why it was allegedly false, or any other information that could support such a claim"); *Gestetner*, 2019 WL 1172283, at *2 (dismissing section 1681e(b) and section 1681i claims because "[a]bsent from the complaint . . . [were] any factual allegations explaining why having multiple delinquency dates listed . . . necessarily makes the first two false" and that plaintiff's "conclusory statements" as to inaccuracies could "not survive a motion to dismiss" because the complaint lacked "factual enhancement"); *Tom Chen v. Vertical Screen, Inc.*, No. 17-CV-0938, 2019 WL 3704836, at *3 (W.D. Wash. Aug. 28, 2017) (dismissing the complaint because allegation that "the report was inaccurate because it stated that [the plaintiff's] charges were 'dismissed' instead of stating that they were 'dismissed with prejudice'" was "insufficient to give rise to an inference that the report was 'patently incorrect' or 'materially misleading'"); *see also Gauci v. Citi Mortg.*, No. 11-CV-1387, 2012 WL 1535654 (C.D. Ca. Apr. 30, 2012) ("[U]nder the FCRA, a credit reporting agency's job is to correctly report information furnished by the creditor, and credit reporting agencies are not supposed to adjudicate a consumer-creditor dispute in order to issue credit reports. When a credit reporting agency correctly reports the information furnished by the creditor, the credit report is considered as 'accurate' within the meaning of the FCRA, even when there is an ongoing dispute as to the validity of the debt."); *Molton v. Experian Info. Sols., Inc.*, No. 02-CV-7972, 2004 WL 161494, at *6 (N.D. Ill. Jan. 21, 2004) (finding that the plaintiff could not establish a section 1681i claim as "no reasonable

9

investigation on the part of [defendant] could have uncovered any inaccuracy in [the plaintiff's credit] report because there was never any factual deficiency in the report" — even though the plaintiff "settled the account with a collection agency," the statement on her credit report was "accurate").

### III. Conclusion

For the foregoing reasons, the Court grants Defendant's motion and dismisses the Complaint, but grants Plaintiff leave to file an amended complaint with thirty (30) days of the date of this Memorandum and Order.

Dated: June 14, 2019
      Brooklyn, New York

SO ORDERED:

    s/ MKB
MARGO K. BRODIE
United States District Judge